**NIQA**

FILED

DEC 0 3 2013

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

$40°

| | | |
|---|---|---|
| David H. Fitzgerald | : | |
| | : | |
| v. | : | Civil Action No.  **13  6979** |
| | : | |
| National Railroad Passenger | : | **Jury Trial Demanded** |
| Corporation d/b/a Amtrak | : | |

### *Complaint*

Plaintiff, David H. Fitzgerald, brings a series of claims against the Defendant, of which the following is a statement:

1.    Plaintiff, David H. Fitzgerald, is an African-American male and a resident of this judicial district.

2.    Defendant, National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"), is a publicly funded service operated and managed as a for-profit corporation to provide intercity passenger train service in the United States, with a principal place of business located in this judicial district.

3.    This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1343, 2201, 2202 this action being brought under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991) to redress and enjoin the discriminatory practices of Amtrak. This Court has jurisdiction to adjudicate the Plaintiff's state law claims pursuant to the Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367.

4.    At all times relevant hereto, Amtrak was an "employer" within the meaning of Section 1981 and employed more than 500 persons. The acts set forth in this Complaint were

authorized, ordered and/or done by Amtrak's officers, agents, employees and/or representatives while actively engaged in the management and operation of Amtrak's business.

5.      Venue is proper in this District by reason of 28 U.S.C. §1391(b)(2) because Amtrak resides here.

### *Background Facts*

6.      Fitzgerald began his employment with defendant on April 20, 2009 as a Bridges and Building Mechanic.  On October 5, 2009, he became qualified as a B/B Foreman.  In November 2009, he became qualified as a B/B Inspector.

7.      Beginning in the Fall of 2009, Fitzgerald began applying for promotions at defendant to positions for which he was qualified.  Through June 2013, Fitzgerald had applied for at least 28 positions for which he was qualified.  However, he was not selected for any of the positions because of his race.  Attached hereto as Exhibit A and made a part hereof is a list of the positions Fitzgerald applied for, but was not selected for by defendant because of his race.

8.      On or about August 16, 2012, Fitzgerald filed a complaint with defendant's Ethics and Compliance Department about his selections.  On or about August 21, 2012, Fitzgerald complained to defendant's Human Resources Department about his non-selections.  Defendant took no action in response to Fitzgerlad's complaints.  However, Gary Lindenmuth, White male, an Assistant Division Engineer and Fitzgerlad's supervisor, who also makes selection decisions, commented to another Amtrak  employee which was over heard by Fitzgerald, "All the supervisors can't be brothers."  This statement was indicative of defendant's racial motivation in failing to select Fitzgerald for any of the supervisory positions for which he applied.

9.      On information and belief, the successful candidates selected by defendant for the positions that Fitzgerald applied and was qualified for, and that defendant ultimately filled, were non-Black.

10.     On information and belief, defendant acted pursuant to its pattern, practice and long-standing history of failing to promote qualified Black non-exempt employees in the Engineering Department to supervisory positions commensurate with their numbers.

11.     By reason of defendant's race discrimination as described above, Fitzgerald suffered extreme harm, including mental anguish, emotional distress, loss of compensation, wages, back and front pay, and other employment benefits.

12.     Defendant acted and failed to act with reckless disregard for Fitzgerald's federally protected and State protected rights.

## Count I

### The Civil Rights Act of 1866, 42 U.S.C. §1981

13.     Plaintiff restates and realleges paragraphs 1- 12, inclusive, as though set forth here in full.

14.     Defendant discriminated against Plaintiff by failing to select him for positions he applied and was qualified for because of his race, which denied him the same rights as enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended.

15.     Defendant's conduct was intentional, deliberate, willful and in callous disregard of Plaintiff's rights.

16.     By reason of Defendant's discrimination and retaliation, Plaintiff is entitled to all legal and equitable remedies available under Section 1981, including but not limited to damages for mental anguish and punitive damages.

### Count II

#### Pennsylvania Human Relations Act, 43 P.S. §951

17.     Plaintiff restates and realleges paragraphs 1- 16, inclusive, as though set forth here in full.

18.     Defendant is an employer within the meaning of the Pennsylvania Human Relations Act, 43 P.S. §§951-963 (the "PHRA").

19.     Defendant discriminated against Plaintiff because of his race in violation of the PHRA.

20.     By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under the PHRA, including, but not limited to, damages for mental anguish and emotional distress.

### Jury Demand

21.     Plaintiff demands a trial by jury of the claims asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiff, David H. Fitzgerlad, respectfully prays that the Court:

a.     adjudge, decree and declare the practices of Defendant complained of herein to be violative of the rights secured to Plaintiff.

b.     issue a permanent prohibitory injunction prohibiting Defendant and its officers, agents, employees, and successors from engaging in the practices complained of herein;

       c.      enter judgment in his favor and against Defendant for all legal and

equitable relief available under Section 1981, the PHRA, including, but not limited to, back pay,

front pay, interest, fringe benefits, mental anguish and emotional distress, appropriate job relief

in the form of placement in a position for which he had applied but was wrongfully denied, and

other compensatory damages in amounts to be determined at trial;

       d.      order Defendant to pay punitive damages to Plaintiff in an amount to be

determined at trial under Section 1981;

       e.      order Defendant to pay Plaintiff's attorneys' fees, costs, expenses,

disbursements, and expert witness fees under 42 U.S.C. §1981a and 42 U.S.C. §1988; and

       f.      grant such other and further legal and equitable relief as may be found

appropriate and as the Court may deem just or equitable.

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street – Suite 910
Philadelphia PA 19110
215 557 9550 t
215 278 7992 f
rvance@vancelf.com

*Attorney for David H. Fitzgerald*

## Exhibit  A

| Application  Date | Position |
|---|---|
| 8.1.10 | Assistant  Supervisor  B&B |
| 8.2.10 | Project  Development  Officer |
| 8.9.10 | Director  -  PSNY |
| 8.10.10 | Manager,  Project  Stations |
| 8.18.10 | Staff  Engineer |
| 12.21.10 | Project  Engineer |
| 1.26.11 | Project  Engineer |
| 12.2.11 | ARASA  Supervisor |
| 1.11.12 | Assistant  Supervisor  B&B |
| 3.9.12 | Director  Engineering  Facilities |
| 4.2.12 | Project  Manager  Construction |
| 4.26.12 | Structures  Design  Intern |
| 4.26.12 | Engineering  Discipline  Intern |
| 4.26.12 | Engineering  Intern |
| 6.18.12 | Assistant  Supervisor  B&B/Structures |
| 6.29.12 | Project  Manager |
| 6.29.12 | Director  Program  Structures |
| 7.18.12 | Supervisor  B&B |
| 8.10.12 | Supervisor  B&B |
| 10.9.12 | Project  Manager  Signal  Construction |
| 10.9.12 | Supervisor  B&B |
| 10.9.12 | Assistant  Supervisor  B&B |
| 12.20.12 | Assistant  Supervisor |
| 2.4.13 | Mechanic  Foreman  B&B |
| 3.4.13 | Assistant  Supervisor  B&B |
| 4.9.13 | Supervisor  Special  Projects |
| 6.6.13 | Supervisor |
| 7.17.13 | Project  Manager  Capital  Construction |
| 8.6.13 | Assistant  Supervisor  PE |
| 8.7.13 | Assistant  Supervisor |
| 8.14.13 | Assistant  Supervisor |
| 8.27.13 | Supervisor |
| 8.27.13 | Project  Manager  Administrator |
| 9.3.13 | Supervisor  PE |

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

**13  6979**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David H. Fitzgerald

## DEFENDANTS
National Railroad Passenger Corporation d/b/a Amtrak

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   n/a
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert T Vance Jr, Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 910, Philadelphia PA 19110 215.557.9550

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff
☒ 3   Federal Question *(U.S. Government Not a Party)*
☐ 2   U.S. Government Defendant
☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☒ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1981
Brief description of cause:
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   n/a
DOCKET NUMBER

**DEC - 2 2013**

DATE
12/02/2013

SIGNATURE OF ATTORNEY OF RECORD
*Robert T Vance*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**13** **6979**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Philadelphia, Pennsylvania**

Address of Defendant: **Philadelphia, Pennsylvania**

Place of Accident, Incident or Transaction: **Philadelphia, Pennsylvania**
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☐

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Robert T. Vance, Jr**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **12/2/2013** _____    **37692**
         Attorney-at-Law        Attorney I.D.#

**DEC - 2 2013**

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **12/2/2013** _____    **37692**
         Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| David Fitzgerald | : | CIVIL ACTION |
| | : | **13   6979** |
| v. | : | |
| National Railroad Passenger | : | |
| Corporation d/b/a Amtrak | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| December 2, 2013 | Robert T. Vance, Jr. | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-557-9550 | 215-278-7990 | rvance@vancelf.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC - 2 2013