**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID H. FITZGERALD,** | : |
| | : |
| **Plaintiff,** | :  NO. 13-6979 |
| | : |
| **v.** | : |
| | : |
| **NATIONAL RAILROAD PASSENGER** | : |
| **CORPORATION, t/d/b/a AMTRAK,** | : |
| | : |
| **Defendant.** | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Dated:  August 31, 2015

William J. Delany (Pa. ID No. 74864)
Cailin Heilig (Pa. ID No. 309894)
Ali M. Kliment (Pa. ID No. 318988)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
wdelany@morganlewis.com
cheilig@morganlewis.com
akliment@morganlewis.com

Attorneys for Defendant
National Railroad Passenger Corporation

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   FACTS .......................................................................................................... 2

III.  ARGUMENT ............................................................................................... 3

     A.      Summary Judgment Standard ............................................................ 3

     B.      Amtrak Is Entitled to Summary Judgment on Plaintiff's Promotion Claim of Discrimination. ........................................................................... 4

          1.     Plaintiff's Claim Based on the 2011 Assistant Supervisor Position Is Time-Barred And, Even If Timely, Plaintiff Cannot Sustain His Burden of Proof ................................................................................ 5

          2.     Plaintiff Cannot Set Forth a Prima Facie Case of Discrimination to Support his Promotion Claim Based on the 2012 and 2014 Assistant Supervisor Positions, Because Plaintiff Cannot Point to Any Evidence of Race Discrimination ...................................................... 9

          3.     Mr. Lindenmuth Did Not Select Plaintiff For The Positions, Because Other Candidates Were More Qualified .................................. 12

               a.     William Parker Was More Qualified Than Plaintiff For The 2012 Assistant Supervisor Position ............................................. 13

               b.     Tony McConeyhead Was More Qualified Than Plaintiff For the 2014 Assistant Supervisor Position. ............................... 14

          4.     There Is No Evidence That Amtrak Fabricated The Reasons For Its Promotion Decisions As A Pretext For Race Discrimination ................. 15

     C.      Amtrak Is Entitled to Summary Judgment on Plaintiff's Retaliation Claim ....... 17

IV.  CONCLUSION .............................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Allen v. PetSmart, Inc.,
  512 F. Supp. 2d 288 (E.D. Pa. 2007) ...............................................................12, 16

Amato v. Verint Sys., Inc.,
  No. 04-3489, 2007 WL 604804 (D.N.J. Feb. 16, 2007) ........................................16

Atkinson v. Lafayette College,
  460 F.3d 447 (3d Cir. 2006) .................................................................................16

Blackwell-Murray v. PNC Bank,
  963 F. Supp. 2d 448 (E.D. Pa. 2013) ...................................................................10

Blanson v. Graphic Packaging Intern., Inc.,
  No. 3-04-2553, 2007 WL 438193 (W.D. La. Jan. 9, 2007) .....................................7

Brewer v. Quaker State Oil Ref. Corp.,
  72 F.3d 326 (3d Cir. 1995) ...................................................................................16

Bristow v. Pa. Liquor Control Board,
  No. 13-1247, 2014 WL 7232105 (E.D. Pa. Dec. 18, 2014) .................................3, 12

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) ...............................................................................................3

Chandler v. Univ. of Pennsylvania,
  927 F. Supp. 2d 175 (E.D. Pa. 2013) ..................................................................4, 9

Daniels v. Sch. Dist. of Phila.,
  982 F. Supp. 2d 462 (E.D. Pa. 2013) ...................................................................18

Doe 1 v. Lower Merion Sch. Dist.,
  689 F. Supp. 2d 742 (E.D. Pa. 2010) .....................................................................3

Ellis v. Budget Maintenance, Inc.,
  25 F. Supp. 3d 749, 753-754 (E.D. Pa. 2014) ......................................................17

Emmett v. Kwik Lok Corp.,
  528 F. App'x 257 (3d Cir. 2013) .........................................................................5, 16

Ezold v. Wolf, Block, Schorr and Solis-Cohn,
  983 F.2d 509 (3d Cir. 1992) ...............................................................................11, 16

**Page(s)**

Fuentes v. Perskie,
   32 F.3d 759 (3d Cir. 1994)....................................................................................4, 15

Hithon v. Tyson Foods, Inc.,
   144 F. App'x 795 (11th Cir. 2005) .................................................................6

Johnson v. Super Fresh Food Mkts., Inc.,
   No. 97-2315, 1998 WL 372396 (E.D. Pa. May 29, 1998)....................................19

Jones v. R.R. Donnelley & Sons Co.,
   541 U.S. 369 (2004)........................................................................................6

Jones v. Western Suffolk Boces et al.,
   No. CV-03-3252 (ETB), 2008 WL 495498 (E.D.N.Y. Feb. 20, 2008) ...................7

Jordan v. City of Gary, Ind.,
   396 F.3d 825 (7th Cir. 2005) .........................................................................10

Kautz v. Met-Pro Corp.,
   412 F.3d 463 (3d Cir. 2005)......................................................................15, 16

Kim v. Nash Finch Co.,
   123 F.3d 1046 (8th Cir. 1997) .........................................................................7

Livingston v. Borough of Edgewood,
   No. 08-812, 2010 WL 4512588 (W.D. Pa. Nov. 1, 2010) aff'd, 430 F. App'x 172 (3d
   Cir. 2011) .......................................................................................................17

Martin v. Healthcare Bus. Res.,
   No. 00-3244, 2002 WL 467749 (E.D. Pa. Mar. 26, 2002) ...................................12

McDonnell Douglas Corp. v. Green,
   411 U.S. 792 (1973)......................................................................................4, 8

Miller v. Thomas Jefferson University Hosp.,
   908 F. Supp. 2d 639 (E.D. Pa. 2012) ...............................................................18

O'Neal v. Brownlee,
   No. 03-5535, 2004 WL 2827052 (E.D. Pa. Dec. 9, 2004)....................................10

Paradoa v. Philadelphia Housing Authority,
   No. 13-6012, 2014 WL 2476595 (E.D. Pa. June 2, 2014)....................................12

Robertson v. Allied Signal, Inc.,
   914 F.2d 360 (3d Cir. 1990)..............................................................................3

                                                                                    **Page(s)**

Rodriguez v. Nat'l R.R. Passenger Corp.,
    532 F. App'x 152 (3d Cir. July 24, 2013)............................................................4, 8

Rodriguez v. Nat'l R.R. Passenger Corp.,
    No. 11-00043, 2012 WL 2343306 (E.D. Pa. June 20, 2012), aff'd, 532 F. App'x 152
    (3d Cir. July 24, 2013) ................................................................................................10

Sarullo v. U.S. Postal Serv.,
    352 F.3d 789,798 (3d Cir. 2003)..................................................................................4

Schoch v. First Fid. Bankcorporation,
    912 F.2d 654 (3d Cir. 1990)..........................................................................................3

Seldon v. Nat'l R.R. Passenger Corp.,
    No. 05-4165, 2007 WL 3119976 (E.D. Pa. Oct. 24, 2007) ......................................10

Smith-Cook v. Nat'l R.R. Passenger Corp.,
    No. 05-0880, 2005 WL 3021101 (E.D. Pa. Nov. 10, 2005) ........................................6

St. Mary's Honor Ctr. v. Hicks,
    509 U.S. 502 (1993)......................................................................................................4

Storti v. First Fid. Bank,
    No. 97-cv-5283, 1998 WL 404814 (E.D. Pa. July 16, 1998) ...................................16

Taylor v. Potter,
    No. 99-4941, 2004 WL 1811423 (S.D.N.Y. Aug. 16, 2004).....................................11

Waldron v. SL Indus., Inc.,
    56 F.3d 491 (3d Cir. 1995)............................................................................................8

Walker v. Centocor Ortho Biotech, Inc.,
    558 F. App'x 216 (3d Cir. 2014) ..................................................................................4

Warner v. Montgomery Township,
    No. 01-3309, 2002 WL 1623774 (E.D. Pa. July 22, 2002) .......................................18

Wilson v. Corizon, Inc.,
    No. 12–2878, 2015 WL 1345680 (N.D. Ala. Mar. 23, 2015).....................................10

Wilson v. Lock Haven Univ.,
    474 F. App'x 74 (3d Cir. 2012) ..................................................................................15

Young v. Int'l. Paper Co.,
    No. 10-00179-CG-M, 2011 WL 3711210 (S.D. Ala. Aug. 24, 2011) .......................7

## <u>TABLE OF AUTHORITIES</u>
(continued)

**Page(s)**

<u>Youssef v. Anvil Int'l,</u>
   595 F. Supp. 2d 547 (E.D. Pa. 2009) ...........................................................................6

**STATUTES**

28 U.S.C. § 1658 .........................................................................................................6

# I.     INTRODUCTION

This case is about a current Amtrak employee, Plaintiff David Fitzgerald, who from the start of his employment with Amtrak and with no previous railroad work experience, has serially and unrealistically applied to dozens of positions using a sparse and unsupported application. Plaintiff, a current Bridges and Buildings ("B&B") Inspector for Amtrak at its 30th Street Station in Philadelphia, believes that Amtrak discriminated against him based on his race (African-American) in violation of Section 1981 and retaliated against him when it did not select him for certain Assistant Supervisor positions.  Rather, Amtrak selected candidates for the positions that were plainly better qualified than Plaintiff.  Plaintiff's race was never a factor.  Indeed, in several instances, African-American candidates were selected over Plaintiff.

Based on his own admission, Plaintiff has narrowed his discrimination promotion claim to three positions where Gary Lindenmuth, then Assistant Division Engineer in New York City's Penn Station and current Manager of Capital Construction for Amtrak's Northeast Corridor, was the decisionmaker.[2]   For all three of these positions, the undisputed evidence shows that Mr. Lindenmuth selected candidates better qualified than Plaintiff.  To fill the three positions, Mr. Lindenmuth selected two African-American candidates and a Caucasian candidate with stronger qualifications than Plaintiff, with longer tenure in Penn Station than Plaintiff, and who reported to Mr. Lindenmuth for longer periods of time than Plaintiff.

With respect to two of the positions, Mr. Lindenmuth's selection of African-American employees undercuts Plaintiff's position that race had anything to do with Amtrak's promotional decisions.  With respect to the third position, an Assistant Supervisor position Plaintiff sought in

---

[2]  To the extent Plaintiff attempts to maintain his claims as to the many other positions for which he applied, Plaintiff does not have any evidence of discrimination sufficient to make out even a *prima facie* case of discrimination.

2011, Plaintiff's claim fails because it is barred by the applicable Section 1981 statute of limitations.

In applying for this 2011 promotion, Plaintiff sought a higher-level supervisory position, governed by a new contract with Amtrak (a collective bargaining agreement between Amtrak and the American Railway and Airway Supervisors Association ("ARASA")).  This promotion would have resulted in a new and distinct relationship between Plaintiff and Amtrak and, consequently, is barred by the applicable law.

In addition, Plaintiff's retaliation claim fails as a matter of law, because Plaintiff cannot demonstrate an underlying Section 1981 action and because Plaintiff cannot establish any causal connection between an alleged protected activity and Amtrak's selection of more qualified candidates for the positions at issue.

In short, Plaintiff presses his discrimination and retaliation case despite a wholesale failure of proof.  Indeed, Plaintiff is left with nothing more than his own speculative conclusions that these decisions must have been based on race or retaliatory motive.  But, unsupported conclusions are insufficient to withstand summary judgment.  Because of the lack of evidence of any discrimination or retaliation, Plaintiff cannot establish his *prima facie* case or pretext and his claims fail as a matter of law.  Accordingly, the Court should grant Amtrak's Motion for Summary Judgment and dismiss Plaintiff's Section 1981 claim.

## II.    FACTS

Amtrak incorporates herein by reference its separate Statement of Material Facts As To Which There Is No Genuine Dispute ("SOF") filed herewith.

## III.    ARGUMENT

### A.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment must be granted against a party who fails to offer admissible evidence sufficient to establish the existence of every element essential to that party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 327 (1986).  Although the defendant bears the initial responsibility of asserting the basis for its motion, the defendant is not required to negate the plaintiff's claims.  Rather, the defendant must only point out that there is an absence of evidence to establish an essential element of the plaintiff's case for which plaintiff will bear the burden of proof at trial.  Celotex, 477 U.S. at 322-23; Doe 1 v. Lower Merion Sch. Dist., 689 F. Supp. 2d 742, 753 (E.D. Pa. 2010).

To show a genuine issue of material fact for trial, which would preclude summary judgment, the plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts" and cannot rely solely on "bare assertions, conclusory allegations, or suspicions, nor rest on the allegations in the pleadings." Bristow v. Pa. Liquor Control Board, No. 13-1247, 2014 WL 7232105, at *2 (E.D. Pa. Dec. 18, 2014) (Quiñones Alejandro, J.) (citations omitted); Schoch v. First Fid. Bankcorporation, 912 F.2d 654, 657 (3d Cir. 1990) (mere conclusory allegations are not enough); Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990) (speculation, without proof, is insufficient).  In this case, Plaintiff cannot meet his burden of presenting specific, admissible evidence that demonstrates a genuine dispute of material fact regarding his claim and, therefore, Amtrak's Motion for Summary Judgment should be granted.

**B.    Amtrak Is Entitled to Summary Judgment on Plaintiff's Promotion Claim of Discrimination.**

Plaintiff's promotion claim under Section 1981 is analyzed pursuant to the burden-shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). <u>Walker v. Centocor Ortho Biotech, Inc.</u>, 558 F. App'x 216, 218 (3d Cir. 2014); <u>Chandler v. Univ. of Pennsylvania</u>, 927 F. Supp. 2d 175, 179 (E.D. Pa. 2013) (noting the legal standard applicable to Section 1981 claims and claims brought until Title VII are "equivalent").  Under this framework, the employee has the initial burden to establish a *prima facie* case of discrimination by a preponderance of the evidence.  <u>Rodriguez v. Nat'l R.R. Passenger Corp.</u>, 532 F. App'x 152, 153 (3d Cir. July 24, 2013).

If the employee establishes a *prima facie* case, the burden then shifts to the employer to articulate (but not prove) a legitimate, nondiscriminatory reason for the challenged employment decision.  <u>Id.</u>  Once the employer has articulated a legitimate nondiscriminatory reason for the decision, the plaintiff must then shoulder the ultimate burden of proving discrimination.  <u>Id.</u>  The ultimate burden of persuasion remains at all times with the employee, who must prove by a preponderance of the evidence that the legitimate reasons proffered by the employer are pretextual and that the employer intentionally discriminated against the employee.  <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 515-16 (1993); <u>Fuentes v. Perskie</u>, 32 F.3d 759, 764 (3d Cir. 1994); <u>Sarullo v. U.S. Postal Serv.</u>, 352 F.3d 789,798 (3d Cir. 2003) (to establish a prima face case, a plaintiff must present evidence that "establish[es] some causal nexus between his membership in a protected class" and the adverse employment decision).

The Court should enter summary judgment on Plaintiff's promotion claim, because Plaintiff cannot point to evidence that the promotion decisions made by Mr. Lindenmuth were related to Plaintiff's race and, therefore, cannot establish a *prima facie* case.  The Court should

also enter summary judgment because Amtrak has articulated legitimate, nondiscriminatory reasons for its promotion decisions, and Plaintiff cannot adduce sufficient evidence to establish that these reasons were pretext for intentional discrimination. Emmett v. Kwik Lok Corp., 528 F. App'x 257, 261 (3d Cir. 2013).

In his Complaint and in discovery, Plaintiff lists over forty positions to which he applied and for which he believes he did not receive a promotion based on his race. SOF ¶ 10. At his deposition, however, Plaintiff testified that Mr. Lindenmuth was the only decisionmaker in the promotion process who he (Plaintiff) believed discriminated against him based on his race. SOF ¶ 11. In turn, Mr. Lindenmuth testified that he interviewed, but did not select Plaintiff for three (3) Assistant Supervisor positions.[3] SOF ¶ 12. Mr. Lindenmuth instead selected William Parker (African-American) for a 2012 position, Tony McConeyhead (African-American) for a 2014 position, and David Cooper (Caucasian) for a 2011 position. SOF ¶ 13. Mr. Lindenmuth did not have a role in whether Plaintiff was selected for any other positions to which he applied. SOF ¶ 15. Plaintiff's admission that Mr. Lindenmuth was the only decisionmaker that Plaintiff contends discriminated against him is fatal to his claims as to all other positions. Accordingly, Amtrak will address only these three positions at the core of Plaintiff's Section 1981 claim.

     **1.**      **Plaintiff's Claim Based on the 2011 Assistant Supervisor Position Is Time-Barred And, Even If Timely, Plaintiff Cannot Sustain His Burden of Proof.**

Plaintiff's Section 1981 promotion claim is limited to only those denials of promotion that occurred on or after December 2, 2011 (two years before he filed his Complaint). Because

---

[3] Mr. Lindenmuth also testified that he had recently interviewed Plaintiff for a fourth Assistant Supervisor position, but at the time of the deposition Amtrak had not selected anyone for that position and Mr. Lindenmuth did not know when someone would be selected. SOF ¶ 14. Plaintiff never amended his complaint to add a claim with respect to this position and, therefore, it is not at issue.

the denial of promotion for the 2011 Assistant Supervisor Position occurred before December 2, 2011, any promotion claim related to this employment action is time-barred.

Section 1981 does not specify a statute of limitations; rather, the Supreme Court has held that the four-year federal catchall statute of limitations, 28 U.S.C. § 1658, applies to claims that are cognizable as a result of the 1990 Amendment to Section 1981, such as hostile work environment claims, but that the two-year statute of limitations, borrowed from state tort actions, applies to claims that could have been brought under the original version of the statute. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383-84 (2004). A promotion claim arises under the original Section 1981 and is thus subject to a two-year limitations period when the "promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer . . . ." Smith-Cook v. Nat'l R.R. Passenger Corp., No. 05-0880, 2005 WL 3021101, at *7 (E.D. Pa. Nov. 10, 2005) (quoting Patterson v. McLean Credit Union, 491 U.S. 164, 185 (1989)). A promotion would result in a "new and distinct" relationship in various circumstances, including when the promotion is a change from a non-supervisory to a supervisory position, where the party's duties could change significantly, where the promotion was not routinely granted as a result of good performance, or where it involved a new contract. See Youssef v. Anvil Int'l, 595 F. Supp. 2d 547, 559 (E.D. Pa. 2009) (finding that the two-year statute of limitations applied because the promotion sought was for a supervisory position and involved a new contract).

Had Plaintiff been promoted to the 2011 Assistant Supervisor position, such promotion would have resulted in a new and distinct relationship between Amtrak and Plaintiff—a new contract would govern the terms and conditions of the position and there would be new supervisory authority and responsibility. See Hithon v. Tyson Foods, Inc., 144 F. App'x 795,

799 (11th Cir. 2005) (holding that a promotion claim was cognizable under (original) Section 1981 because the promotion to a complex-wide human resources manager would have resulted in a new and distinct relationship); Kim v. Nash Finch Co., 123 F.3d 1046, 1055 (8th Cir. 1997) (holding that promotion claim was subject to two-year statute of limitations where promotion from leadman to foreman would result in new and distinct contractual relationship because it involved "a change from limited supervisory duties and limited authority over employees to additional supervisory duties and greater authority" as well as increase in pay and change of position in chain of authority); Jones v. Western Suffolk Boces et al., No. CV-03-3252 (ETB), 2008 WL 495498, at *9 (E.D.N.Y. Feb. 20, 2008) (promotion claim actionable under the original pre-1991 understanding of Section 1981 where distinct CBAs covered the terms and conditions of employment for the position sought by the plaintiff); Young v. Int'l. Paper Co., No. 10-00179-CG-M, 2011 WL 3711210, at *4-8 (S.D. Ala. Aug. 24, 2011) (granting summary judgment because promotion claim under Section 1981 was time-barred since promotions, which were governed by CBAs, were opportunities for "new and distinct relation[s] between the employee and employer"); Blanson v. Graphic Packaging Intern., Inc., No. 3-04-2553, 2007 WL 438193, at *3 (W.D. La. Jan. 9, 2007) (holding state's one-year statute of limitations applied to plaintiff's Section 1981 promotion claim where promotion would have created new and distinct employment relationship and plaintiff would no longer have been employed under a CBA).

First, the terms and conditions of employment for the 2011 Assistant Supervisor position were governed by a collective bargaining agreement between Amtrak and the ARASA union. SOF ¶ 29. But, the terms and conditions of Plaintiff's employment at Amtrak in the B&B Mechanic, Inspector, and Foreman positions were governed by a CBA between Amtrak and the Brotherhood of Maintenance of Way Employes ("BMWE") union. SOF ¶ 7. Plaintiff had never

been a member of ARASA and his selection to Assistant Supervisor would provide him membership in ARASA. SOF ¶ 8. Second, B&B Foremen report to Assistant Supervisors and any move from B&B Foreman to Assistant Supervisor would be a change of position in the chain of authority with increased supervisory duties. SOF ¶ 28. The Assistant Supervisor exercises control over at least fifty (50) B&B mechanics, inspectors and foremen. SOF ¶ 28. Plaintiff testified that as a B&B foreman he had responsibility for guiding a work gang of five (5) mechanics and that responsibility was based on direction and plans from an Assistant Supervisor. SOF ¶ 5. The B&B foreman sought counsel and approval from Assistant Supervisors before carrying out actions to correct and resolve B&B problems. SOF ¶ 28.

Accordingly, because the 2011 Assistant Supervisor position Plaintiff sought would have resulted in a new and distinct relationship between Plaintiff and Amtrak, Plaintiff's promotion claim related to the 2011 Assistant Supervisor position is cognizable under the original Section 1981 and is, therefore, barred by a two-year statute of limitations.

Moreover, to the extent the Court finds that a four-year statute of limitation should apply, which Amtrak disputes as applicable, Mr. Fitzgerald's promotion claim based on the 2011 Assistant Supervisor position nonetheless fails. To make out a *prima facie* case of discrimination, Plaintiff must show that he: (1) is a member of a protected class; (2) applied for and was qualified for the promotion; (3) was denied the promotion; and (4) the denial occurred "under circumstances giving rise to an inference of unlawful discrimination." McDonnell Douglas Corp., 411 U.S. at 802; Rodriguez v. Nat'l R.R. Passenger Corp., 532 F. App'x 152, 153 (3d Cir. July 24, 2013); Waldron v. SL Indus., Inc., 56 F.3d 491, 494 (3d Cir. 1995).

Mr. Lindenmuth selected David Cooper (Caucasian) for the 2011 Assistant Supervisor position, after consultation with Human Resources, because he believed Mr. Cooper was better

qualified for the position.  SOF ¶ 27.  Mr. Lindenmuth believed Mr. Cooper was the better

qualified candidate based on Mr. Cooper's experience as a carpenter before he joined Amtrak,

Mr. Cooper's experience as an Amtrak B&B carpenter at the Sunnyside Yard in Long Island

City and as a B&B foreman in Penn Station, and his own observations of Mr. Cooper's work

during the time Mr. Cooper worked at Penn Station and reported to Mr. Lindenmuth.   SOF ¶¶

27, 30.  As a foreman at Penn Station, Mr. Cooper had experience with escalator and elevator

repair which is critical for any Assistant Supervisor position at Penn Station as over twenty (20)

escalators and elevators are at Penn Station.  SOF ¶¶ 28, 30.  Plaintiff did not and still does not

have any escalator and elevator experience.  SOF ¶ 19.

Mr. Lindenmuth did not consider race in the decision making process and Plaintiff cannot

point to evidence to establish otherwise.  SOF ¶¶ 23, 26.  Chandler, 927 F. Supp. 2d at 182

("without having any basis for comparing the relative skills and experiences of [plaintiff] and the

other finalists, it is not plausible to impute racial discrimination solely from the fact that Plaintiff,

[] a black candidate, was not hired.").  For these additional reasons, Plaintiff's promotion claim

based on the 2011 Assistant Supervisor position fails as a matter of law.

> **2.  Plaintiff Cannot Set Forth a *Prima Facie* Case of Discrimination to Support his Promotion Claim Based on the 2012 and 2014 Assistant Supervisor Positions, Because Plaintiff Cannot Point to Any Evidence of Race Discrimination.**

Plaintiff also cannot meet his burden to support a promotion claim related to the 2012

Assistant Supervisor position and the 2014 Assistant Supervisor position.

Here, Plaintiff can present no evidence from which a reasonable jury could find that Mr.

Lindenmuth's promotional decisions were made under circumstances that give rise to an

inference of discrimination.  Mr. Lindenmuth's selection of two African-American candidates,

William Parker and Tony McConeyhead, for the 2012 and 2014 Assistant Supervisor positions,

is fatal to Plaintiff's assertion that his race had anything to do with Amtrak's promotional decisions. Jordan v. City of Gary, Ind., 396 F.3d 825, 834 (7th Cir. 2005) (holding that plaintiff failed to establish a *prima facie* case of discrimination where person promoted instead of plaintiff was a member of the same protected class as plaintiff); O'Neal v. Brownlee, No. 03-5535, 2004 WL 2827052, at *7-8 (E.D. Pa. Dec. 9, 2004) (granting summary judgment where plaintiff failed to show that a similarly-situated person from non-protected class was promoted instead of plaintiff); Wilson v. Corizon, Inc., No. 12–2878, 2015 WL 1345680, at *16 (N.D. Ala. Mar. 23, 2015) (granting summary judgment where selected applicant was same race (and gender) as plaintiff); Blackwell-Murray v. PNC Bank, 963 F. Supp. 2d 448, 465 (E.D. Pa. 2013) (plaintiff failed to establish that any reasonable jury could find that he was terminated under circumstances that give rise to an inference of unlawful discrimination, where, *inter alia*, plaintiff did not show he was replaced by someone outside his protected class); Seldon v. Nat'l R.R. Passenger Corp., No. 05-4165, 2007 WL 3119976, at *5 (E.D. Pa. Oct. 24, 2007) (African-American plaintiff could not establish an inference of discrimination noting that "[t]he fact that several African American employees were chosen [for a pilot work from home program] undercuts the plaintiff's claim that the decision was motivated by race.")

The fact that African-American employees were selected to fill the two positions really should be the end of the inquiry. Id. But even considering the remainder of Plaintiff's burden, he cannot prevail. Specifically, he cannot prove that he was treated less favorably than similarly-situated non-African-American candidates in the promotion and hiring process or that he was similarly qualified to the successful candidates. Rodriguez v. Nat'l R.R. Passenger Corp., No. 11-00043, 2012 WL 2343306 (E.D. Pa. June 20, 2012), aff'd, 532 F. App'x 152 (3d Cir. July 24,

2013) (granting summary judgment on race discrimination promotion claim where plaintiff could not establish he was similarly qualified to successful candidate).

Plaintiff may attempt to point to his self-serving testimony that Mr. Lindenmuth allegedly commented in 2013 that "all supervisors cannot be brothers," as evidence of discrimination. Compl. ¶ 8. However, it is undisputed that Mr. Lindenmuth did not make any reference to Plaintiff, about Plaintiff's race, nor the hiring or promotion process when this alleged statement was made. SOF ¶ 26. Even assuming Mr. Lindenmuth did make this statement, which he absolutely denies, Plaintiff testified that he heard this statement from Mr. Lindenmuth in 2013, a year in which Mr. Lindenmuth did not make any hiring decisions related to Plaintiff. SOF ¶ 24. Thus, Mr. Lindenmuth's purported comment about supervisors constitutes a stray remark unrelated to race and, even if considered, in conjunction with the undisputed evidence, this isolated one-time use of the term in this context is not evidence of discrimination. Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision."); Taylor v. Potter, No. 99-4941, 2004 WL 1811423, at *16 (S.D.N.Y. Aug. 16, 2004) ("Even if the term "brother" is interpreted as a racial epithet, . . . one-time use of the word . . . is not evidence of discrimination"). Perhaps most to the point, however, is that such a statement, even if assumed as true, is rendered irrelevant by the fact that with respect to these two positions, African-American employees *were selected for the positions*.

Further, Plaintiff has not identified any other evidence that demonstrates that Mr. Lindenmuth made any hiring decision based on Plaintiff's race. Rather, Plaintiff can only point to his own speculative conclusions that the decisions must have been based on his race (difficult

to understand, given the successful candidates were of the same race), which are insufficient as a matter of law.  See Allen v. PetSmart, Inc., 512 F. Supp. 2d 288, 293 (E.D. Pa. 2007) ("[Plaintiff's] own unsubstantiated, subjective beliefs or suspicions alone would not suffice to persuade a rational trier of fact that [a protected characteristic] was a factor in the [employment] decision."); Martin v. Healthcare Bus. Res., No. 00-3244, 2002 WL 467749, at *6 (E.D. Pa. Mar. 26, 2002) ("Plaintiff's mere pronouncement or subjective belief that [the employment action] was because of her race, gender, and age is not a substitute for competent evidence."); Paradoa v. Philadelphia Housing Authority, No. 13-6012, 2014 WL 2476595, at *4 (E.D. Pa. June 2, 2014) ("A subjective belief that race played a role in the employment decision does not establish an inference of discrimination.") (citations and quotations omitted).

Accordingly, Plaintiff cannot meet his *prima facie* burden to present evidence of any inference of discrimination and his claim should be dismissed.  Bristow, 2014 WL 7232105, at *6-7 (Quiñones Alejandro, J.) (granting summary judgment for employer where employee could not establish *prima facie* promotion claim).

### 3.     Mr. Lindenmuth Did Not Select Plaintiff For The Positions, Because Other Candidates Were More Qualified.

The undisputed evidence shows Amtrak had legitimate nondiscriminatory business reasons for its promotion decisions.  Mr. Lindenmuth selected other employees for the promotions Plaintiff sought, because the other employees, William Parker and Tony McConeyhead, were plainly the more qualified candidates for the positions.  Paradoa v. Philadelphia Housing Authority, No. 13-6012, 2014 WL 2476595, at *6 (E.D. Pa. June 2, 2014) ("A defendant can satisfy its relatively light burden of showing a nondiscriminatory reason for its action . . . by introducing evidence which, taken as true, would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision.  [Defendant's]

burden is one of production, . . . not persuasion. It need not prove that the tendered reason – actually motivated – its decision. It only needs to show that its decision could have been motivated by the proffered legitimate, nondiscriminatory reason.") (citations and quotations omitted).

<blockquote>

**a.** **William Parker Was More Qualified Than Plaintiff For The 2012 Assistant Supervisor Position.**

</blockquote>

In 2012, Mr. Lindenmuth selected William Parker (African-American) for an Assistant Supervisor position at Amtrak's Penn Station in New York City for which Plaintiff was also interviewed. SOF ¶ 34. The job posting for this position noted that the candidate "must have a strong understanding and background of electrical construction." SOF ¶ 32.

Mr. Parker submitted a detailed resume for this position. SOF ¶ 35. Mr. Parker had over a decade of experience working for Amtrak, nearly twenty (20) years of experience as an electrician, almost ten (10) years as a B&B electrician, and Mr. Lindenmuth had seen Mr. Parker's work at Penn Station, New York and the Sunnyside Yard in Long Island City, New York. SOF ¶ 36. Additionally, Mr. Parker had a number of electrical licenses and certifications. SOF ¶ 35. In stark contrast, at the time of applying for this position, Plaintiff did not submit a resume. SOF ¶ 37. Plaintiff also only had about three (3) years of experience working for Amtrak, and three (3) years of experience in B&B. SOF ¶ 37. Plaintiff had no experience working as an electrician and did not have any licenses or certifications in the electrical field. SOF ¶ 37. Plaintiff never directly reported to Mr. Lindenmuth and Mr. Lindenmuth did not see Plaintiff's work firsthand. SOF ¶ 16. Given that this position required a strong understanding and background of electrical construction and Mr. Parker had extensive electrical experience and Mr. Lindenmuth had seen Mr. Parker's work, after consultation with Human Resources, Mr. Lindenmuth selected Mr. Parker for the position. SOF ¶ 34.

### b. Tony McConeyhead Was More Qualified Than Plaintiff For the 2014 Assistant Supervisor Position.[4]

In or around February 2014, Mr. Lindenmuth selected Tony McConeyhead (female African-American) for an Assistant Supervisor position at Penn Station in New York City, because she was the most qualified candidate.  SOF ¶ 38.  Mr. Lindenmuth testified that he selected Ms. McConeyhead as an Assistant Supervisor, because of her railroad experience as a B&B foreman and because of the length of her tenure at Amtrak's Penn Station.  SOF ¶ 40.  At the time of her promotion, Ms. McConeyhead had been employed by Amtrak since 1998 or for over fifteen (15) years.  SOF ¶ 41.  Ms. McConeyhead had over three (3) years of experience as a B&B foreman, twelve (12) years of experience with Amtrak as a carpenter, and also had experience as a B&B Mechanic and a B&B Inspector.  SOF ¶ 41.  From 1998 to 2007, Ms. McConeyhead worked at Amtrak's New York Sunnyside Yard in Long Island City, New York and, since 2007, had worked at Penn Station.  SOF ¶ 41.  Since 1998 (over 15 years), Ms. McConeyhead had worked indirectly or directly for Mr. Lindenmuth and Mr. Lindenmuth had observed Ms. McConeyhead's strong work firsthand.  SOF ¶ 40.

Comparatively, Plaintiff, who was hired in 2009, had less than five (5) years of experience with Amtrak at the time.  Plaintiff also consistently performed poorly in interviews, unable to answer the interview questions, despite coaching from Mr. Lindenmuth for Plaintiff to answer the interview questions being asked.  SOF ¶¶ 1, 21.  Plaintiff never directly reported to Mr. Lindenmuth and Mr. Lindenmuth had not observed Plaintiff's work firsthand.  SOF ¶ 16.  Based on Ms. McConeyhead's experience as a B&B foreman and because of the length of her tenure at Amtrak's Penn Station, in consultation with Human Resources, Mr. Lindenmuth

---

[4] Plaintiff identified this position in response to Amtrak's Interrogatory No. 2.  See Response No. 2 in Exhibit 4 filed herewith in Amtrak's Appendix of Exhibits.  However, Plaintiff did not amend his Complaint to include the 2014 Assistant Supervisor position.  Accordingly, this position should not be at issue.

selected Ms. McConeyhead for the 2014 Assistant Supervisor position as the most qualified candidate.  SOF ¶¶ 38, 40.

Accordingly, the undisputed record evidence shows that Mr. Lindenmuth selected other African-American candidates over Plaintiff based on the other candidates' superior qualifications.

### 4. There Is No Evidence That Amtrak Fabricated The Reasons For Its Promotion Decisions As A Pretext For Race Discrimination.

Amtrak has met its burden of articulating legitimate, nondiscriminatory reasons for its promotion decisions by demonstrating that Mr. Lindenmuth selected other African-American candidates who were more qualified for the positions than Plaintiff.  Plaintiff's "bare allegations" that these decisions were due to his race are "insufficient to withstand summary judgment." Wilson v. Lock Haven Univ., 474 F. App'x 74, 76 (3d Cir. 2012) (citation omitted).  To establish pretext and thereby avoid summary judgment, Plaintiff must point to facts that allow a fact finder to reasonably infer that Amtrak's stated legitimate reasons for its promotion decisions were either a post-hoc fabrication or otherwise did not actually motivate the employment action.  See, e.g., Fuentes, 32 F.3d at 764; Kautz v. Met-Pro Corp., 412 F.3d 463, 467 (3d Cir. 2005) (finding that to prove pretext plaintiff must demonstrate that the reason was either "a post hoc fabrication or otherwise did not actually motivate the employment action") (citations omitted).  Plaintiff cannot meet this burden.  Accordingly, summary judgment is appropriate.

Plaintiff may believe that he is more qualified than the selected candidates, despite the fact that he admits never having seen Mr. Lindenmuth review the other candidates' resumes or applications nor having any specific personal knowledge of the decision making process for the positions at issue.  See  SOF ¶ 26.  While Plaintiff may disagree with Amtrak's decisions to promote other candidates, his personal subjective belief regarding his own qualifications or the

selected candidates' purportedly inferior qualifications are irrelevant and insufficient as a matter of law to defeat summary judgment. Amato v. Verint Sys., Inc., No. 04-3489, 2007 WL 604804, at *5 (D.N.J. Feb. 16, 2007) ("'[P]retext turns on the qualifications and criteria identified by the employer, not the categories the plaintiff considers important.'") (quoting Simpson v. Kay Jewelers, 142 F.3d 639, 642 (3d Cir. 1998)).

It is also irrelevant whether Mr. Lindenmuth's assessments of other selected candidates were incorrect or unfair so long as they were not discriminatory. "To cast doubt on a company's proffered reasons for an adverse employment action, it is not enough to show that the company's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent." Emmett, 528 F. App'x at 261 (internal quotation and citation omitted); see also Kautz, 412 F.3d at 468 ("The question is not whether the employer made the best or even a sound business decision; it is whether the real reason is discrimination.") (citation omitted)).[5] Thus, on this record, Plaintiff cannot carry his burden to point to any admissible evidence suggesting that Mr. Lindenmuth did not select Plaintiff for certain positions because of his race or that Amtrak's decisions to select other candidates were post-hoc fabrications. Accordingly, Plaintiff cannot establish pretext and his discrimination promotion claim fails for this reason.

---

[5] See also Atkinson v. Lafayette College, 460 F.3d 447, 454 (3d Cir. 2006) ("The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination].") (citations omitted); Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 332 (3d Cir. 1995) (noting that it is not the role of the court to sit as a "super-personnel department" when reviewing an entity's business decisions; the Court asks only whether a decision is discriminatory) (citations omitted); Ezold, 983 F.2d at 527 ("While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination.") (citations omitted); Allen, 512 F. Supp. 2d at 296 ("The Court does not sit as a super employment court to decide the merits of employment decisions."); Storti v. First Fid. Bank, No. 97-cv-5283, 1998 WL 404814, at *8 (E.D. Pa. July 16, 1998) (observing that a court does not sit as a "super human resources office" when reviewing management decisions) (citations omitted).

16

## C.    Amtrak Is Entitled to Summary Judgment on Plaintiff's Retaliation Claim.

Plaintiff also may[6] allege a Section 1981 retaliation claim based on denial of the promotions outlined above, but any such retaliation claim fails.  Compl. ¶ 16.  To prove a *prima facie* case of retaliation, Plaintiff must establish that: "(1) he engaged in protected activity, (2) his employer took an adverse action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse employment action."  Ellis v. Budget Maintenance, Inc., 25 F. Supp. 3d 749, 753-754 (E.D. Pa. 2014) (quoting Estate of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 798 (3d Cir. 2010)).  Moreover, in a retaliation case, "a plaintiff must demonstrate that there had been an underlying Section 1981 violation."  Id.

For the reasons set forth above, Plaintiff cannot demonstrate a *prima facie* case of an underlying Section 1981 discrimination violation and, thus, Amtrak is entitled to summary judgment on Plaintiff's retaliation claim on this basis alone.  Id.  Even assuming, however, that Plaintiff can establish a *prima facie* discrimination claim, which he cannot, Plaintiff's retaliation claim nonetheless fails because there is no causal connection between his participation in any protected activity and any adverse employment action.

First, Mr. Lindenmuth selected Mr. Cooper for the 2011 Assistant Supervisor position and Mr. Parker for the 2012 Assistant Supervisor position before Plaintiff submitted a complaint to the Ethics and Compliance hotline.  SOF ¶¶ 27, 34, and 43.  Accordingly, there can be no causal connection because the employment action predates any protected activity.  Livingston v. Borough of Edgewood, No. 08-812, 2010 WL 4512588, at *8 (W.D. Pa. Nov. 1, 2010) aff'd, 430 F. App'x 172 (3d Cir. 2011) (granting summary judgment on retaliation claim where allegedly retaliatory actions occurred before his protected conduct (citing Slattery v. Swiss Reinsurance

---

[6] It is unclear from Plaintiff's Complaint whether he asserts a retaliation claim.  Plaintiff has not alleged a separate retaliation count, but Plaintiff's Complaint references retaliation.  Compl. ¶ 16.

<u>Am. Corp.</u>, 248 F.3d 87 (2d Cir. 2001) (holding that plaintiff cannot rely on temporal proximity of alleged retaliation where adverse job actions commenced before protected activity)); <u>Daniels v. Sch. Dist. of Phila.</u>, 982 F. Supp. 2d 462, 484 (E.D. Pa. 2013) (holding that plaintiff failed to establish a prima facie case of retaliation where she complained about race discrimination after the alleged adverse actions occurred). Second, it defies logic to suggest that Mr. Lindenmuth would have retaliated against Plaintiff based on Mr. Lindenmuth's decision to hire Ms. McConeyhead (African-American) for the 2014 Assistant Supervisor position. SOF ¶ 40. Aside from the lawsuit, Mr. Lindenmuth has no knowledge of whether Plaintiff ever complained to anyone at Amtrak about race discrimination. SOF ¶ 45. But, even with knowledge of Plaintiff's lawsuit, Mr. Lindenmuth still interviewed Plaintiff for the 2014 Assistant Supervisor position and has continued to interview Plaintiff for additional Assistant Supervisor positions. SOF ¶¶ 14, 42.

Finally, with respect to Mr. Lindenmuth's decision not to hire Plaintiff for the 2014 Assistant Supervisor position, Plaintiff can rely on nothing more than his own speculation to try to establish a causal link between that decision and his complaints. However, this is not enough to defeat summary judgment. <u>See</u> <u>Miller v. Thomas Jefferson University Hosp.</u>, 908 F. Supp. 2d 639, 652-53 (E.D. Pa. 2012) (granting summary judgment for employer on plaintiff's Section 1981 retaliation claim and finding that plaintiff's speculation concerning decisionmaker's knowledge was a " 'bare assertion[ ], conclusory allegation[ ], or suspicion[ ]' that will not suffice to defeat a motion for summary judgment."); <u>Warner v. Montgomery Township</u>, No. 01-3309, 2002 WL 1623774, at *15 (E.D. Pa. July 22, 2002) (granting employer's motion for summary judgment on plaintiff's retaliation claim and holding that plaintiff failed to produce any evidence from which a reasonable fact finder could infer a causal link, but rather relied purely on

speculation and conjecture); Johnson v. Super Fresh Food Mkts., Inc., No. 97-2315, 1998 WL 372396, at *6 (E.D. Pa. May 29, 1998) (granting employer's motion for summary judgment and holding that because "plaintiff has not offered any facts or evidence, only his own belief, to support his retaliation claim, he has not established a causal link between the protected activity and his [adverse employment action].").

Thus, just as there is no evidence to show that Amtrak's promotion selections had anything to do with race, there is no evidence that its decisions had anything to do with any complaints made by Plaintiff. Accordingly, Plaintiff's retaliation claim fails as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, Amtrak respectfully requests that this Court grant its Motion for Summary Judgment in its entirety and deny Plaintiff any relief.

Dated: August 31, 2015

Respectfully submitted,

/s/   William J. Delany
William J. Delany (Pa. ID No. 74864)
Cailin Heilig (Pa. ID No. 309894)
Ali M. Kliment (Pa. ID No. 318988)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
wdelany@morganlewis.com
cheilig@morganlewis.com
akliment@morganlewis.com

Attorneys for Defendant
National Railroad Passenger Corporation

## CERTIFICATE OF SERVICE

I, Cailin Heilig, hereby certify that a true and correct copy of the foregoing Defendant's

Motion for Summary Judgment, Memorandum of Law, Statement of Material Facts, and other

supporting documents were filed electronically and are available for viewing and downloading

from the ECF system of the U.S. District Court for the Eastern District of Pennsylvania, and that

I served the same via electronic filing on August 31, 2015 upon the following:

Robert Vance Jr.
Law Offices of Robert Vance Jr.
100 South Broad Street, Suite 910
Philadelphia, PA 19110
Tel. 215 557-9350
Fax.  215 278-7992
Email:  rvance@vancelf.com

*Attorney for Plaintiff David H. Fitzgerald*

/s/ Cailin Heilig
CAILIN HEILIG